IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Kinard, a/k/a William Smith, ) | C/A No.: 4:24-2280-JD-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| Cpl. Katrina Brigman; Ofc. Demetris ) | |
| Rivers, Sgt. Elain German; and K-9 Ptl. ) | |
| Tyler G. Smith, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff filed a Complaint against Defendants on April 22, 2024. ECF No. 1. Plaintiff alleges that on August 9, 2022, he was stopped while driving to work. Plaintiff alleges he was arrested, and "they" tried to back date a warrant and attach it to an incident report. ECF No. 1 at 5. Plaintiff brings claims against Defendants pursuant to 42 U.S.C. § 1983 for false arrest and malicious prosecution. ECF No. 1 at 5. Plaintiff alleges he is still in prison on a parole violation without just cause, and he is an innocent man. *Id.* at 6. On July 3, 2024, Defendants filed an Answer to Plaintiff's Complaint. *See* ECF No. 22.

On August 19, 2024, Plaintiff filed a document titled, "Motion Amendment Injunction to This Complaint. Rule 65." ECF No. 28. Within this document, Plaintiff asks the court to grant him an "injunction order of release" and to reinstate his parole. ECF No. 28. Plaintiff alleges that the South Carolina Department of Parole is unlawfully incarcerating him, and he alleges all charges from the August 9, 2022 incident were dismissed on January 10, 2024. *Id.* Attached to this document was an order from the State of South Carolina Administrative Law Court. This Order, dated August 12, 2024, refences the fact that Plaintiff in this case has filed an appeal related to the

denial of his parole before the South Carolina Department of Probation, Parole and Pardon Services.[1]

On August 29, 2024, Plaintiff filed two documents: (1) Motion to Amendment for this Court to Request Production of Document from the S.C. Dept. of Parole to Add to this Complaint Rule 34; and (2) Motion to Amendment Injunction for Release from State Custody with this Complaint Rule 65. ECF Nos. 31; 32. On September 5, 2024, Plaintiff filed a document styled, "Motion Amendment Injunction to this Complaint Rule 65." ECF No. 35. Plaintiff styled all of these documents as motions but requests an "injunction" by way of an "order of release" and to "reinstate back" his parole. *Id.* Plaintiff argues that he is being unlawfully held and that all charges have been dismissed. *Id.* The next day, September 6, 2024 a letter drafted by Plaintiff was received by the court. ECF No. 36. In this letter, Plaintiff once again reiterates that his charges have all been dismissed by the Marlboro County Solicitor as of January 10, 2024, and he seeks this court to grant him "injunctive relief" and reinstate his parole. While Plaintiff uses both the terms "Motion" and "Injunction," Plaintiff does not appear to actually seek for the named Defendants to be enjoined from any action, and Plaintiff does not cite to or make any showing for the need for an injunction. Nevertheless, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), this Magistrate Judge is authorized to review pretrial matters in cases involving pro se litigants and submit findings and recommendations to the District Court.

---

[1] The purpose of this Order was to consider Respondent South Carolina Department of Probation, Parole and Pardon Services' Motion to Dismiss in this Administrative Law Court case for failure of Appellant William Smith (aka William Kinard) to file a brief. ECF No. 28-1 at 1. Ultimately, the Administrative Law Court denied the Motion to Dismiss because Appellant (Plaintiff in this case) ultimately filed a response to the Motion to Dismiss stating that he served a copy of his brief.

To establish the need for a preliminary injunction, the party seeking the injunction must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits of a case. *See Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) (quoting *Meiselman v. Paramount Film Distributing Corp.*, 180 F.2d 94, 97 (4th Cir. 1960)). Plaintiff does not attempt to make any showing that the *Winter* factors apply. Instead, it is clear to this court that what Plaintiff seeks is an order to be released from custody immediately.

As an initial matter, in the Motion to Amendment for this Court to Request Production of Document, Plaintiff asks this court to request document production from the South Carolina Department of Parole and the City of Bennettsville Police Department. ECF No. 31 at 1; 3. Neither of these entities are parties to this case. Document production, whether sought from a party or a nonparty, is limited in scope by Federal Rule of Civil Procedure 26(b)(1). Discovery sought from nonparties is limited in scope even more so because nonparties are "strangers" to the litigation and have a "different set of expectations" from the parties themselves. *Virginia Dep't. of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (citing *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)). Moreover, the procedure for seeking documents from nonparties is provided in Federal Rule of Civil Procedure 45 via the issuance of subpoena, rather than by seeking the court command a nonparty to produce documents. For this reason, Plaintiff's Motion, ECF No. 31, is denied.

The court next turns to the sole issue raised in Plaintiff's other Motions. Plaintiff requests that this court release him from prison and reinstate his parole. The Supreme Court has long held

that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see generally Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Instead, an inmate must seek federal habeas corpus relief, or appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). In *Wilkinson*, the Supreme Court distinguished between a state prisoner challenging the fact that he is in confinement and seeking immediate release, which is the case here, to a challenge that disciplinary procedures were somehow invalid. *Id.* at 79. *Wilkinson* made clear that this line of cases establishes that a § 1983 action is barred "no matter the relief sought, no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82 (emphasis in original).[2]

Here, Plaintiff again argues that he was falsely accused and arrested on August 9, 2022, and that the claims were dismissed on or before January 10, 2024. ECF No. 28 at 1. He further argues that his parole was supposed to have been reinstated, but he is still incarcerated. ECF No. 32 at 1.[3] The court also notes that on August 28, 2023, approximately eight months prior to filing this case, Plaintiff previously filed a similar lawsuit in this court against the same Defendants, wherein he alleged that his arrest on August 9, 2022 was improper, and that his parole was violated

---

[2] Indeed, the *Wilkinson* court, in allowing a challenge to the constitutionality of Ohio state parole procedures to proceed under § 1983, pointed out that the prisoners were not seeking an injunction ordering immediate release or speedier release into the community. By contrast, this is exactly the relief sought by Plaintiff in this case.

[3] The documents provided by Plaintiff include letters from the South Carolina Department of Probation, Parole and Pardon Services indicating they are reviewing correspondence he has sent to them, dated May 15, 2024. ECF No. 32-1 at 1. There is another later from the Office of the Solicitor with the Fourth Judicial Circuit indicating their office is handling his expungement process. ECF No. 35-2 at 7. Plaintiff also provides copies of indictments with the notation "1/10/24 dismiss w/ leave to restore." ECF No. 35-2 at 8; 11; 19; 22; 24.

for something he did not do. *See Kinard v. Brigman, et. al.*, 4:23-cv-04303-JD-KDW, 2024 WL 3934152 (D.S.C. August 26, 2024). Within the Report and Recommendation, the court analyzed Plaintiff's allegations and concluded they were barred by *Heck v. Humphrey*. By Order dated August 26, 2024, this Report was adopted, and Plaintiff's Complaint was dismissed without prejudice. *Id.* Plaintiff has since filed several motions in that companion case seeking a reconsideration of the August 26, 2024 Order.

Here again the court concludes that Plaintiff's request to immediately be released from prison by this court is barred by the holding in *Heck v. Humphrey*. As previously explained, In *Heck*, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. *Heck*, 512 U.S. at 486–487. *Heck* is also applicable to parole revocation proceedings. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (applying *Heck* to parole revocation decisions); *Harris v. Miller*, No. 94–7067, 1994 WL 704891, at *1 (4th Cir. Dec. 19, 1994) ("To the extent [a]ppellant is challenging his parole revocation, or the procedures used to revoke his parole, such a claim is not cognizable because his parole revocation has not been invalidated."); *Brown v. Lemacks*, C/A No. 8:09–2160–CMC–BHH, 2010 WL 2179492, at *3 (D.S.C. Apr. 28, 2010) ("The Supreme Court's ruling in *Heck* also applies to probation and parole violation proceedings."), *adopted by* 2010 WL 2179490 (D.S.C. May 27, 2010). Here, while Plaintiff alleges the charges against him have been dismissed, he has not alleged factual allegations to show a favorable disposition of his parole revocation proceedings. Indeed, it is clear from the documents provided by Plaintiff that he is currently pursuing an appeal with the South Carolina Department of Probation, Parole and Pardon Services. *See* ECF No. 28-1, August

12, 2024 Order Denying Respondent's Motion to Dismiss, attached to Plaintiff's initial Motion, indicating that his case is currently before the Administrative Law Court after the Parole Board unanimously voted to deny his parole. For these reasons, the court recommends this court deny Plaintiff's Motions, ECF Nos. 28; 32 and 35. Further, Plaintiff's Motion, ECF No. 31, is denied for the reasons stated herein.

      IT IS SO RECOMMENDED.

September 17, 2024  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge