IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Kinard, a/k/a William Smith, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Cpl. Katrina Brigman; Ofc. Demetris )<br>Rivers, Sgt. Elain German; and K-9 )<br>Ptl. Tyler G. Smith, )<br>)<br>Defendants. ) | Case No.: 4:24-cv-2280-JD-KDW<br><br>**ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 39), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of Plaintiff William Kinard, a/k/a William Smith's ("Plaintiff" or "Kinard") pleadings.[1]

**A. Background**

Kinard is proceeding *pro se* and has sued Defendants Cpl. Katrina Brigman; Ofc. Demetris Rivers, Sgt. Elain German; and K-9 Ptl. Tyler G. Smith (collectively "Defendants"), under 42 U.S.C. Section 1983 for false arrest and malicious prosecution. (DE 1 at 5.) According to the Report, Kinard alleges that "on August 9, 2022, he was stopped while driving to work. Plaintiff alleges he was arrested, and

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

'they' tried to back date a warrant and attach it to an incident report." (DE 1 at 5.) Kinard alleges he is still in prison on a parole violation without just cause, and he is an innocent man. (*Id.* at 6.) Since filing his complaint, Kinard has filed several documents purportedly seeking injunctive relief, document production, release from prison, and reinstatement of parole, among other things. The Report identifies these filings:

> On August 19, 2024, Plaintiff filed a document titled, 'Motion Amendment Injunction to This Complaint. Rule 65.' ECF No. 28. Within this document, Plaintiff asks the court to grant him an 'injunction order of release' and to reinstate his parole. ECF No. 28. Plaintiff alleges that the South Carolina Department of Parole is unlawfully incarcerating him, and he alleges all charges from the August 9, 2022 incident were dismissed on January 10, 2024. *Id.*
>
> \*\*\*
>
> On August 29, 2024, Plaintiff filed two documents: (1) Motion to Amendment for this Court to Request Production of Document from the S.C. Dept. of Parole to Add to this Complaint Rule 34; and (2) Motion to Amendment Injunction for Release from State Custody with this Complaint Rule 65. ECF Nos. 31; 32.
>
> \*\*\*
>
> On September 5, 2024, Plaintiff filed a document styled, 'Motion Amendment Injunction to this Complaint Rule 65.' ECF No. 35. Plaintiff styled all of these documents as motions but requests an 'injunction' by way of an 'order of release' and to 'reinstate back' his parole. *Id.* Plaintiff argues that he is being unlawfully held and that all charges have been dismissed. *Id.* The next day, September 6, 2024 a letter drafted by Plaintiff was received by the court. ECF No. 36. In this letter, Plaintiff once again reiterates that his charges have all been dismissed by the Marlboro County Solicitor as of January 10, 2024, and he seeks this court to grant him 'injunctive relief' and reinstate his parole.

(DE 39 at 1-2.)

## B. Report and Recommendation

The Magistrate Judge conducted a pretrial review of Plaintiff's *pro se* filings under 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d). Accordingly, on September 17, 2024, the Magistrate Judge issued the Report based on an initial review of Kinard's filings. The Report recommends denying Kinard's motions at docket entries 28, 31, 32, and 35. (DE 39 at 6.) In support of it, the Report made these findings:

(1) Plaintiff does not attempt to make any showing that the *Winter* factors apply.[2]

(2) Plaintiff's motion to request production of documents asks this Court to request document production from the South Carolina Department of Parole and the City of Bennettsville Police Department. (DE 31 at 1, 3.) Neither entity is a party to this case.

(3) The holding in *Heck v. Humphrey* bars Plaintiff's request to immediately be released from prison by this Court. *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994).

(DE 39 at 3, 5.) The Report also noted:

> *Heck* is also applicable to parole revocation proceedings. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (applying *Heck* to parole revocation decisions); *Harris v. Miller*, No. 94–7067, 1994 WL 704891, at *1 (4th Cir. Dec. 19, 1994) ('To the extent [a]ppellant is challenging his parole revocation, or the procedures used to revoke his parole, such a claim is not cognizable because his parole revocation has not been invalidated.').

(*Id.* at 5.) On October 7, 2024, Plaintiff objected to the Report.

---

[2] To establish the need for a preliminary injunction, the party seeking the injunction must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objection

1. Plaintiff alleges he is being unlawfully held.

Kinard contends he is not guilty, and his parole should be reinstated. (DE 43 at 1.) Even so, Kinard's Section 1983 cause of action cannot reach the relief he seeks. As adeptly considered in the Report,

> The Supreme Court has long held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see generally Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Instead, an inmate must seek federal habeas corpus relief, or appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). In *Wilkinson*, the Supreme Court distinguished between a state prisoner challenging the fact that he is in confinement and seeking immediate release, which is

4

> the case here, to a challenge that disciplinary procedures were somehow invalid. *Id.* at 79. *Wilkinson* made clear that this line of cases establishes that a § 1983 action is barred 'no matter the relief sought, no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81-82 (emphasis in original).

(DE 39 at 3-4.) Although Kinard alleges he was falsely accused and arrested and that his parole was supposed to be reinstated, these assertions cannot overcome the limits of a Section 1983 claim. Since Kinard's objection does not address the substance of the Report finding that a Section 1983 claim is not the proper vehicle to challenge an unlawful confinement, the Court overrules the objection.

        2. Plaintiff claims his parole was unlawfully revoked.

Kinard argues that "the routine denial [of] parole does not apply to him because he already had parole and was [e]ntitled to parole and it was unlawfully [r]evoked." (DE 43 at 2.) Despite the purported merits of Kinard's claims, the Report ably considered this argument but found that,

> In *Heck,* the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. *Heck,* 512 U.S. at 486–487. *Heck* is also applicable to parole revocation proceedings. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (applying *Heck* to parole revocation decisions); *Harris v. Miller*, No. 94–7067, 1994 WL 704891, at *1 (4th Cir. Dec. 19, 1994) ('To the extent [a]ppellant is challenging his parole revocation, or the procedures used to revoke his parole, such a claim is not cognizable because his parole revocation has not been invalidated.').

(*Id.* at 5.) Since *Heck* bars Kinard's claim, the Court overrules this objection.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 39) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's motions at docket entries 28, 31, 32, and 35 are denied.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 6, 2024

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.