IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Kinard, a/k/a William Smith, ) | Case No.: 4:24-cv-02280-JD-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER AND OPINION |
| Cpl. Katrina Brigman; Ofc. Demetris ) | |
| Rivers, Sgt. Elain German; and K-9 ) | |
| Ptl. Tyler G. Smith, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 98) issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses several motions by the parties.[1]

## I.    BACKGROUND

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary is provided for context.

### A.    Factual Background

Plaintiff William Kinard, also known as William Smith ("Plaintiff"), is currently incarcerated at Lee Correctional Institution. The claims at issue stem from

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

events on August 9, 2022, in Bennettsville, South Carolina, and Plaintiff's subsequent arrest by members of the Bennettsville Police Department.

On or about July 30, 2022, Quiana Morrison—identified by Plaintiff as his daughter or stepdaughter—contacted law enforcement to report that Plaintiff had pulled a firearm on her during an altercation in the parking lot of the Bennettsville Motel. According to the incident report, Plaintiff fled the scene in a light blue SUV, and Morrison gave chase, during which Plaintiff allegedly committed a hit-and-run by running a stop sign and striking another vehicle before fleeing the scene. An arrest warrant was issued on August 5, 2022, for the alleged hit-and-run offense. (DE 98 at 2–3.)

On August 9, 2022, Officers Demetris Rivers and Elaine German observed Plaintiff operating a vehicle matching the description previously given. Upon initiating a traffic stop and verifying his identity, the officers arrested Plaintiff based on the outstanding warrant. A search of Plaintiff's person revealed multiple pill bottles containing suspected controlled substances. (*Id. at 3–4*.) Officer Tyler Smith subsequently obtained additional arrest warrants charging Plaintiff with possession of a controlled substance, felon in possession of a weapon, and unlawful carrying of a pistol. (*Id.*) On September 6, 2022, a Marlboro County grand jury returned true bills of indictment for each of the charges. (*Id*.at 4.)

At the time of these events, Plaintiff was on parole for a prior kidnapping conviction. A parole arrest warrant was issued on September 7, 2023, referencing

both the new charges and a prior domestic violence allegation. Plaintiff's parole was ultimately revoked on February 7, 2023. (DE 98 at 4–5.)

Plaintiff maintains that the incident was fabricated, that no probable cause supported the arrest, and that the resulting criminal charges were dismissed on January 10, 2024. He contends that his continued incarceration for parole violation is unlawful. (*Id.* at 5.)

B.   **Procedural Background**

Plaintiff commenced this action *pro se* on April 22, 2024, pursuant to 42 U.S.C. § 1983, asserting claims of false arrest and malicious prosecution against four law enforcement defendants: Cpl. Katrina Brigman, Officer Demetris Rivers, Sgt. Elaine German, and K-9 Patrol Officer Tyler G. Smith. (*Id.* at 1.) On October 16, 2024, Defendants filed a Motion for Summary Judgment. (DE 45.) Plaintiff filed a response on February 4, 2025, and submitted a supplemental filing on February 21, 2025. (DE 87; DE 88.)

Besides opposing summary judgment, Plaintiff filed several motions, including: (1) a Motion for Amendment for an Injunction (DE 42); (2) a Motion to Strike Defendants' Defense of Immunity (DE 90); and (3) an Amended Motion to Strike Defendants' Defense of Immunity (DE 91). All motions remain pending.

II.   **REPORT AND RECOMMENDATION**

On April 28, 2025, the United States Magistrate Judge issued a comprehensive Report recommending that the Court grant Defendants' Motion for Summary Judgment and deny all outstanding motions filed by Plaintiff. (DE 98.) The Report concluded that Plaintiff's claims for false arrest and malicious prosecution were

3

barred under the doctrine established in *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff had not shown a favorable termination of the underlying parole revocation proceedings. Although Plaintiff alleged that the criminal charges from the August 9, 2022, incident were dismissed, he remains incarcerated on a revoked parole, and he has not shown that the parole revocation has been reversed, expunged, or otherwise invalidated. (DE 98 at 9–10.)

The Magistrate Judge further found that Plaintiff's arrest was supported by facially valid warrants and grand jury indictments, which precluded his claims of false arrest and malicious prosecution under both § 1983 and South Carolina law. (*Id.* at 11–13.) The Report emphasized that a grand jury indictment serves as affirmative evidence of probable cause, which defeats both theories of liability. (*Id.* at 12.)

Additionally, the Report recommended dismissal of Plaintiff's claims on grounds of qualified immunity, Eleventh Amendment immunity, and statutory immunity under the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. § 15-78-10 et seq. (*Id.* at 13–17.) Specifically, the Magistrate Judge found that Defendants, as state officials sued in their official capacities, are immune from damages under both federal and state law. (*Id.* at 14–15.) Further, to the extent that Plaintiff intended to assert tort claims under the SCTCA, the Magistrate Judge concluded that such claims are barred by §§ 15-78-60(17) and (23), which exclude claims arising from the initiation or prosecution of judicial proceedings. (*Id.* at 16.)

Finally, the Report recommended denial of Plaintiff's motions for injunctive relief and to strike Defendants' immunity defenses as either duplicative, legally

unsupported, or both. (DE 98 at 6–8.) Plaintiff filed objections on May 15, 2025.[2] (DE 103.)

### III.     LEGAL STANDARD

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### IV.     PLAINTIFF'S OBJECTIONS

Plaintiff's objections, filed at DE 103, primarily dispute (1) the factual narrative set forth in the incident and arrest reports; (2) the Magistrate Judge's conclusion that Defendants are entitled to Eleventh Amendment immunity; and (3)

---

[2]     Plaintiff also filed an "amended" objection requesting this Court transfer the case to State court, if warranted. (DE 106.) Given the ruling herein, the Court declines to transfer this case to State court.

the recommendation to grant summary judgment on his malicious prosecution claim. Each objection is addressed in turn.

### A. Objection to the Factual Narrative

Plaintiff objects to the Report's reliance on the police incident report and associated documents, claiming the report is false and that no probable cause supported his arrest. (DE 103 at 2–4.) However, as the Report correctly concluded, the record contains facially valid arrest warrants issued before Plaintiff's arrest and true bills of indictment returned by a grand jury on September 6, 2022. (DE 98 at 3–4, 11–12.) Under binding precedent, these official documents provide presumptive evidence of probable cause and bar Plaintiff's false arrest and malicious prosecution claims. *See Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (noting that a grand jury indictment conclusively determines the existence of probable cause); *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998). Plaintiff's subjective denial of the underlying events is insufficient to create a genuine dispute of material fact in the face of this uncontroverted documentary evidence. *See Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995). Accordingly, Plaintiff's objection to the factual narrative is overruled.

### B. Objection to Eleventh Amendment Immunity

Plaintiff objects to the Report's conclusion that Defendants are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities. (DE 103 at 1.) However, the Report correctly applied well-established law holding that the Eleventh Amendment bars suits for damages against state officials in their official capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71

(1989); *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001). Plaintiff's objection offers no legal argument or factual basis to overcome this immunity bar. As the Report notes, Plaintiff indicated he was suing Defendants in their official capacities, and the claims arise from actions taken in the course of their employment as municipal or state officers. (DE 98 at 14–15.) Accordingly, the objection to the Eleventh Amendment ruling is overruled.

### C. Objection to Dismissal of Malicious Prosecution Claim

Plaintiff also objects to the recommended dismissal of his malicious prosecution claim, arguing that Defendants lacked probable cause. (DE 103 at 1, 7–8.) As the Report explained, a § 1983 malicious prosecution claim requires the plaintiff to show (1) a seizure pursuant to legal process; (2) that the legal process was not supported by probable cause; and (3) that the proceedings terminated in his favor. *See Hupp v. Cook*, 931 F.3d 307, 324 (4th Cir. 2019). Even if the dismissal of charges satisfies the favorable termination element, Plaintiff cannot overcome the legal effect of the grand jury indictments, which are presumptive evidence of probable cause. *See Provet v. South Carolina*, No. 6:07-cv-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007); *Miller v. Prince George's Cnty.*, 475 F.3d 621, 627 (4th Cir. 2007). Plaintiff has not presented any competent evidence that the affidavits or information provided in support of the warrants were false or misleading. Accordingly, the objection concerning malicious prosecution is without merit and is overruled.

## V.     CONCLUSION

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court adopts the Report (DE 98) in its entirety and incorporates it herein by reference.

It is, therefore, ORDERED that:

1. Plaintiff's Motion for Amendment for Injunction (DE 42) is DENIED;

2. Plaintiff's Motion to Strike Defendants' Immunity Defense (DE 90) and Amended Motion to Strike (DE 91) are DENIED;

3. Defendants' Motion for Summary Judgment (DE 45) is GRANTED; and

4. This case is DISMISSED with prejudice.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 2, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.